U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUN 29 2011
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| **DENISE MARIE FOWLER AND JEREMY FOWLER,** § § § | |
| *Plaintiffs,* § § | |
| v. § | NO. 11-5156 |
| § § | |
| **THE UNITED STATES OF AMERICA,** § § | |
| *Defendant.* § | |

## COMPLAINT

COME NOW Plaintiffs Denise Marie Fowler and Jeremy Fowler, complaining of Defendant The United States of America and for cause of action and grounds for recovery states and allege as follows:

### I. INTRODUCTION

1. This is a medical negligence case pursuant to The Federal Tort Claims Act, 28 U.S.C. §2671, *et seq*. On August 10, 2010, Plaintiffs made a claim in writing to the Department of Veterans Affairs, Office of Regional Counsel (598/02NLR), 2200 Fort Roots Drive, North Little Rock, AR 72114. A copy of Plaintiffs' claim is attached as Exhibit "A" to this Complaint and incorporated herein as if set out word for word. On August 11, 2010, the Department of Veteran Affairs acknowledged receipt of the claim. *See* Exhibit "B" attached hereto. On February 4, 2011, the Department of Veteran Affairs denied the Plaintiffs' claim. *See* Exhibit "C" attached hereto. As a result of that denial, Plaintiffs may now proceed with litigation pursuant to 28 U.S.C. §2675.

## II. PARTIES

2.      Plaintiff Denise Marie Fowler is an individual residing in West Fork, Washington County, Arkansas. Plaintiff Denise Marie Fowler served in the United States Navy and was honorably discharged. She is entitled to medical care and treatment from the VA pursuant to Title 38 C.F.R.

3.      Plaintiff Jeremy Fowler is an individual residing in West Fork, Washington County, Arkansas. Jeremy Fowler is the husband of Denise Marie Fowler.

4.      Defendant The United States of America owns, operates, and maintains the VA Medical Center in Fayetteville, Arkansas (Veterans Health Care System of the Ozarks) through the Department of Veterans Affairs. All of the health care providers caring for Denise Marie Fowler at the VA Medical Center, Fayetteville, Arkansas, were employees of the VA acting in the course and scope of their employment.

## III. JURISDICTION AND VENUE

5.      This Court has jurisdiction because this action is brought pursuant to and in compliance with the Federal Tort Claims Act, specifically 28 U.S.C. §1346(b) and 1367, which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in Federal District Court.

6.      Venue is proper under 28 U.S.C. §1402(b) which allows a tort claim to be prosecuted in the judicial district where the Plaintiffs reside, and pursuant to 28 U.S.C. §1391(b)(2), as the United States is a Defendant and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## IV. MEANING OF "DEFENDANT"

7.      Hereinafter, "Defendant" means Defendant, Defendant's officers, agents, servants, employees, persons providing services through a personal services contract with the United

States/United States Navy, and/or representatives. Whenever in this Complaint it is alleged that Defendant did any act or thing, or omitted any act or thing, it means that Defendant, Defendant's officers, agents, servants, employees, persons providing services through a personal services contract with the United States/United States Navy and/or representatives did such act or thing or omitted any act or thing and that at the time such act or thing was done or omitted, it was done or omitted with the full authorization and ratification of Defendant and was done or omitted in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, persons providing services through a personal services contract with the United States/United States Navy and/or representatives. All persons involved with the care that forms the basis of this claim were employed and/or providing services through a personal services contract with the United States/United States Navy and were acting in the course and scope of their employment by Defendant and/or personal services contract with Defendant when caring for Plaintiff Dennis Fowler.

### V. WAIVER OF SOVEREIGN IMMUNITY

8. Plaintiffs assert statutory waiver of sovereign immunity for this medical negligence claim brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671-2680.

### VI. CONDITIONS PRECEDENT

9. All conditions precedent necessary to maintain this cause of action have been performed or have occurred.

### VII. OPERATIVE FACTS

10. On December 22, 2009, Jeffrey Jones, M.D. performed an abdominal hysterectomy on Denise Fowler at the Veterans Health Care System of the Ozarks. In his operative report, Dr. Jones describes a routine abdominal hysterectomy with no significant pelvic pathology or

anatomical deviations. Absent is any mention of inspection of the ureters prior to beginning and after completion of the hysterectomy, and prior to closure of the abdominal wall.

11. Beginning shortly after the hysterectomy and continuing through December 26, 2009, when she was readmitted to the Veterans Health Care System of the Ozarks surgical intensive care unit (SICU), Ms. Fowler complained of pleuritic chest pain and had a profound anemia requiring blood transfusions. Beginning with admission to the SICU, the nursing records repeatedly document that Ms. Fowler complained of right flank pain. There is no record that any of her attending VA physicians, including Dr. Jones, addressed Ms. Fowler's complaint of right flank pain.

12. Intra-abdominal fluid, right hydroureter, and right hydronephrosis seen on a December 27, 2009, CT scan were attributed by Ms. Fowler's VA physicians and radiologist to postoperative hemorrhage. Ms. Fowler's right flank pain was so intense that she had difficulty breathing. Ms. Fowler was discharged from the Veterans Health Care System of the Ozarks without any further investigation of the abnormal right ureter.

13. On January 6, 2010, Ms. Fowler was readmitted to the Veterans Health Care System of the Ozarks with severe abdominal and right flank pain. Repeat CT scan was interpreted to show pelvic hematoma and/or abscess and, again, her right ureter was dilated: "moderate to severe". Urology was consulted. As before, the VA attending physicians attributed the "moderate to severe" right ureteral dilation to pelvic fluid collection. Dr. Jones performed an examination under general anesthesia and trans-vaginal evacuation of a pelvic hematoma during which he described using an opening on the left side of the vaginal cuff to evacuate old dark blood.

14. Following Dr. Jones' left-sided hematoma evacuation, Ms. Fowler's right ureter dilatation persisted.

15. On January 13, 2010, Issam Shalhoub, M.D., urologist, performed a cystoscopy and right retrograde pyelogram which revealed "very severe narrow ureteral stricture just above the right ureteral orifice." Although a guide wire could be passed, the stricture was so severe that Dr. Shalhoub was unable to pass a ureteral stent. The following day, January 14, 2010, a right percutaneous nephrostomy tube (PNT) was placed and a stent was manipulated past the severe ureteral stricture. The PNT was removed on January 20, 2010; the right ureteral stent remained.

16. On February 8, 2010, Ms. Fowler was readmitted to the Veterans Health Care System of the Ozarks with flank pain and fever caused by acute gram negative pyelonephritis and bacteremia. She remained hospitalized until February 15, 2010.

17. On February 24, 2010, cystoscopy and right retrograde pyelogram under general anesthesia showed severe medial deviation and "angulation and narrowing" of Ms. Fowler's distal right ureter. Her right ureteral stent was replaced and remained until March 24, 2010.

18. On March 29, 2010, the right ureteral stent was removed. Intravenous pyelogram (IVP) performed for "persistent right flank pain" revealed dilatation of the right ureter and right urinary collecting system. Concerns about renal function prompted an April 30, 2010 "renogram" interpreted as normal. Ms. Fowler continued to complain of right sided "gripping" pain, most likely reflecting renal colic. Ureteral re-implantation became a consideration.

19. Ms. Fowler's right ureteral-related problems are ongoing.

### VIII. SPECIFIC NEGLIGENCE OF THE UNITED STATES OF AMERICA

20. The preceding paragraphs are incorporated here by reference as if set forth in full.

21. Defendant owed a duty of ordinary care to Plaintiffs, as set forth below. Defendant breached these duties, proximately causing Plaintiffs' injuries and/or damages.

22. Defendant, by and through its agents, who were acting in the course and scope of their employment at VA Medical Center in Fayetteville, AK was negligent in failing to properly carry

out its responsibilities to Plaintiff Denise Marie Fowler in accordance with applicable standards of care, in at least the following ways:

    a. in failing to properly identify and avoid injury to the right ureter during the December 22, 2009 abdominal hysterectomy;
    b. in injuring Denise Fowler's right ureter on December 22, 2009;
    c. in failing to timely and properly diagnose and repair Denise Fowler's right ureteral injury on December 22, 2009;
    d. in continually failing to timely and properly diagnose and repair Denise Fowler's right ureteral injury between December 22, 2009 and January 13, 2010; and
    e. in failing to provide the degree of skill and care required under the same or similar circumstances, a standard to which it is held pursuant to the Federal Tort Claims Act.

23. Defendant's negligence was a proximate cause of Plaintiffs' actual injuries and damages as hereinafter more specifically alleged.

## IX. ACTUAL DAMAGES

24. As a direct and proximate result of the foregoing, Plaintiffs seek damages as follows:

25. Plaintiff Denise Marie Fowler:

    a. Physical pain and mental anguish in the past and future;

    b. Loss of earning capacity and/or lost wages sustained in the past;

    c. Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

    d. Disfigurement in the past;

    e. Disfigurement that, in reasonable probability, Plaintiff will suffer in the future;

    f. Physical impairment in the past;

    g. Physical impairment that, in reasonable probability, Plaintiff will suffer in the future;

    h. Medical expenses incurred in the past; and

    i. Medical expenses that, in reasonable probability, Plaintiff will incur in the future.

26.  Plaintiff Jeremy Fowler:

   a. Loss of household services in the past;

   b. Loss of household services that, in reasonable probability, Plaintiff will incur in the future;

   c. Loss of consortium in the past; and

   d. Loss of consortium that, in reasonable probability, Plaintiff will incur in the future.

27.  Plaintiffs seek pre and post-judgment interest at the highest lawful rate(s).

28.  The above damage claims are in an amount consistent with that claimed in the Standard Form 95, which is attached to this complaint as Exhibit "A".

## IX.  PRAYER

29.  WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that, after a trial, Plaintiffs have and recover from Defendant the following relief:

   1. Judgment against Defendant for all of Plaintiffs' actual damages, both general and special, as described above;

   2. Pre and post-judgment interest provided by law;

   3. Costs of court; and

   4. Such other relief to which Plaintiffs may be entitled, both general and special.

Respectfully submitted,

RYAN KREBS, M.D., J.D.
805 W. 10th Street, Ste. 300
Austin, Texas 78701
(512) 478-2072
(512) 494-0420 – Facsimile
ryan@ryankrebsmdjd.com

**RYAN KREBS**
State Bar Number 00792088
**ATTORNEY FOR PLAINTIFFS**